UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>HDI-GERLING AMERICA INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Charter Oak Fire Insurance Company ("Charter Oak"), by and through its undersigned counsel, as and for its Complaint against Defendant, HDI-Gerling America Insurance Company ("HDI"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. In this action, Charter Oak seeks a declaration that HDI is obligated to defend and indemnify Dukane Fabrics Int'l, Inc. ("Dukane") and Crale Realty LLC ("Crale") in a lawsuit styled *Mark Cascarella, et ano. v. Crale Realty LLC, et al.*, pending in the Supreme Court of the State of New York, County of New York, Index Number 153300/2018 (the "Underlying Action"), as additional insureds on a primary, non-contributory basis under a policy of insurance issued by HDI to Euromarket Designs, Inc. ("Euromarket").

2. In addition, Charter Oak is entitled to judgment against HDI for all defense and indemnity costs that Charter Oak has incurred and continues to incur in connection with the Underlying Action.

## THE PARTIES

3. At all times relevant hereto, Charter Oak was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

1

4. Upon information and belief, at all times relevant hereto, HDI was and is an Illinois corporation with a principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. §§ 1332 and 2201.

6. In the Underlying Action, Mark Cascarella ("Claimant") seeks recovery for alleged personal injuries including, but not limited to, left foot first metatarsal closed displaced fracture; left foot first, second, and third metatarsal osteotomy; left knee posterior cruciate ligament partial tear; and right knee total replacement arthroplasty. Therefore, the purported value of the Underlying Action exceeds $75,000.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by HDI.

9. Charter Oak has no adequate remedy at law.

## THE RELEVANT POLICIES

10. HDI issued a general liability insurance policy to Crate & Barrel Holdings, Inc. bearing policy number GLD12229-03 for the policy period August 1, 2015 to August 1, 2016 (the "HDI Policy").

11. Euromarket is a Named Insured under the HDI Policy.

12. Subject to certain terms, conditions, and exclusions, the HDI Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The HDI Policy contains endorsement CG 20 11 04 13, which provides, in part:

### SCHEDULE

| |
|---|
| **Designation Of Premises (Part Leased To You):** **As required by a written contract or agreement** |
| **Name Of Person(s) Or Organization(s) (Additional Insured):** **As required by a written contract or agreement** |
| **Additional Premium:**        $  None |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alterations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

14. The HDI Policy contains endorsement CG 20 10 04 13, which provides, in part:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| **As required by a written contract or agreement** | **As required by a written contract or agreement** |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

- **A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **1.** Your acts or omissions; or

    **2.** The acts or omissions of those acting on your behalf;

    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

15. The HDI Policy contains endorsement CG 20 26 04 13, which provides, in part:

**SCHEDULE**

| **Name Of Additional Insured Person(s) Or Organization(s):** <br> **As required by a written contract or agreement** |
|---|
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

- **A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or

4

> "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> **1.** In the performance of your ongoing operations; or
>
> **2.** In connection with your premises owner by or rented to you.

16. Charter Oak issued a general liability insurance policy to Dukane bearing policy number 680-1260R753-15-42 for the policy period December 1, 2015 to December 1, 2016 (the "Charter Oak Policy").

17. Subject to certain terms, conditions, and exclusions, the Charter Oak Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

18. The Charter Oak Policy contains excess "other insurance" provisions that provide that coverage under the Charter Oak Policy is excess over any other coverage available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

**BACKGROUND FACTS**

19. Dukane, as "Landlord," and Euromarket d/b/a CB2, as "Tenant," entered into a Sublease Agreement dated February 21, 2007 (the "Sublease") for Euromarket to rent a portion of the premises located at 451 Broadway, New York, NY for use as a retail home furnishings store for a period of 15 years.

20. The Sublease identifies Crale, or "Owner," as the owner of the building located at 451 Broadway, New York, NY.

21. The terms of the Sublease require Euromarket to maintain commercial liability insurance naming Dukane and Crale as additional insureds.

22. Article 6 of the Sublease, entitled "ALTERATIONS AND INSTALLATIONS," provides, in part:

> 6.01. Tenant shall make no alterations, installations, additions or improvements in or to the Premises or the Building (including, without limitation, Tenant's Work) without Landlord's prior written consent and then only by New York State and/or New York City licensed contractors or licensed mechanics. […] Notwithstanding the foregoing and except for Tenant's Work, Tenant shall have the right to make interior, non-structural alterations or improvements which do not involve any of the Building mechanical, plumbing, fire safety or electrical systems, , and which do not require a permit pursuant to any Legal Requirements, without the Landlord's consent, provided the cost of such alterations or improvements does not exceed the sum of $150,000 in the aggregate for all alterations or improvements made or commenced within any two (2) month period and provided Tenant delivers to Landlord prior to commencement of such alteration or improvement copies of all plans and specifications for such alteration or improvement and otherwise complies with the provisions of this Article 6 and the Sublease.
>
> […]
>
> Tenant's Work and any other approved or permitted alterations and improvements shall be performed in accordance with the foregoing and the following provisions of this Article 6:
>
> (f) Prior to commencement of any work, Tenant shall furnish to Landlord certificates evidencing the existence of:
>
> […]
>
> (iii) commercial general liability insurance including, but not limited to, completed operations coverage, products liability coverage, contractual coverage, broad form property damage, independent contractor's coverage and personal injury coverage with Tenant as the name insured and naming Landlord as well as such representatives and consultants of Landlord as Landlord shall reasonably specify (collectively "Landlord's Consultants"), as additional insureds, with coverage of not less than $5,000,000 combined single limit coverage (or such higher limits as Landlord may from time to time impose in its reasonable judgment). During the performance of Tenant's Work, Tenant shall require its general contractor to obtain an Owner's Contractor's Protective.

6

23. Article 9 of the Sublease, entitled "INSURANCE, LOSS, REIMBURSEMENT, LIABILITY," provides, in part:

> 9.01. Tenant covenants and agrees to provide, at its expense, on or before the Commencement Date and to keep in force during the Term, for the benefit of and naming Tenant, as the insured party, and Landlord, Owner and any Superior Instrument Holder as additional insureds as their interests appear, (w) a commercial general liability insurance policy (hereinafter referred to as a "Liability Policy"), including, without limitation, blanket contractual liability coverage, broad form property damage, independent contractor's coverage and personal injury coverage protecting Landlord, Owner, their agents, and Tenant against any liability whatsoever, occasioned by any occurrence on or about the Premises or any appurtenances thereto[…]. […] Such policies are to be written by good and solvent insurance companies licensed to do business in the State of New York satisfactory to Landlord, having a Best's rating of at least A-IX, and shall be in such limits and with such maximum deductibles as Landlord may reasonably require. Landlord requires limits of liability under (i) the Liability Policy of not less than $10,000,000 per occurrence for bodily or personal injury (including death) and property damage (no deductible) (which may be a combination of direct and umbrella coverage)[…].

24. In the Underlying Action, Claimant alleges that on December 28, 2015, he was performing work for Teamwork Event Services at the CB2 store located at 451 Broadway, New York, NY when a plexiglass panel fell onto his left foot, causing injury.

25. Upon information and belief, Teamwork Event Services was retained by or on behalf of Euromarket d/b/a CB2.

26. In the Underlying Action, Claimant asserts causes of action against Crale, Dukane, and Euromarket seeking to recover for his injuries based on theories of negligence and violations of the New York Labor Law.

27. Charter Oak is providing a defense to Dukane and Crale in the Underlying Action.

28. In the Underlying Action, Claimant seeks to impose liability on Crale and Dukane for alleged bodily injury which arose out of the ownership, maintenance or use of the premises leased to Euromarket.

## **TENDERS TO HDI**

29. On or about November 16, 2017, Charter Oak tendered the defense and indemnification of Dukane and Crale to Euromarket.

30. On January 30, 2018, Charter Oak tendered the defense and indemnification of Dukane and Crale to HDI.

31. By correspondence dated May 23, 2018, Charter Oak renewed its tender to HDI.

32. By correspondence dated June 29, 2018, Charter Oak renewed its tender to HDI.

33. By correspondence dated July 20, 2018, Charter Oak renewed its tender to HDI.

34. By correspondence dated August 28, 2018, Charter Oak renewed its tender to HDI.

35. By correspondence dated September 13, 2019, Charter Oak renewed its tender to HDI.

36. By correspondence dated October 15, 2019, Charter Oak renewed its tender to HDI.

37. HDI issued a reservation of rights indicating "HDI will consider sharing in the defense of DuKane and Crale" by correspondence dated September 6, 2018.

38. On January 10, 2019, Charter Oak provided HDI with a copy of the Charter Oak Policy.

39. On April 17, 2020, Charter Oak retendered the primary defense and indemnification of Dukane and Crale to HDI.

40. By correspondence dated April 29, 2020, Charter Oak renewed its tender to HDI.

41. By correspondence dated August 13, 2020, Charter Oak renewed its tender to HDI.

42.  By correspondence dated June 30, 2021, Charter Oak renewed its tender to HDI.

43.  By correspondence dated July 13, 2022, Charter Oak renewed its tender to HDI.

44.  HDI offered to "co-insure" the additional insureds by correspondence dated August 3, 2022.

45.  On May 31, 2023, Charter Oak retendered the primary defense and indemnification of Dukane and Crale to HDI.

46.  By correspondence dated May 29, 2024, Charter Oak renewed its tender to HDI.

47.  HDI has refused to provide additional insured coverage to Dukane and Crale under the HDI Policy.

48.  HDI has refused to provide a defense to Dukane and Crale under the HDI Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

49.  Charter Oak repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "48" above as if fully set forth herein.

50.  Dukane and Crale qualify as additional insureds under the HDI Policy.

51.  The coverages provided to Dukane and Crale under the HDI Policy are primary and non-contributory with any coverage provided by the Charter Oak Policy.

52.  Accordingly, Charter Oak seeks a declaration that HDI has an obligation to defend and indemnify Dukane and Crale as additional insureds under the HDI Policy; that the coverages provided by the HDI Policy to Dukane and Crale are primary; and that the obligations of Charter Oak to Dukane and Crale in the Underlying Action are excess to proper exhaustion and full payment of the limits of the HDI Policy.

53.  In addition, Charter Oak seeks an award at law and in equity against HDI for recovery of all sums Charter Oak has paid and continues to pay in the defense of Dukane and Crale

in the Underlying Action because the coverages provided by the HDI Policy are primary to any coverage provided by Charter Oak.

WHEREFORE, Charter Oak respectfully requests that this Court issue judgment as follows:

1. Declaring that Dukane and Crale are insureds under the HDI Policy to whom HDI owes coverage with respect to the Underlying Action;

2. Declaring that HDI has a duty to defend Dukane and Crale in the Underlying Action;

3. Declaring that HDI has a duty to indemnify Dukane and Crale in the Underlying Action;

4. Declaring that HDI's coverage obligations to Dukane and Crale with respect to the Underlying Action are primary to any coverage provided by Charter Oak to Dukane and Crale;

5. Declaring that the obligations of Charter Oak to Dukane and Crale with respect to the Underlying Action are excess and non-contributory to those of HDI;

6. Awarding judgment against HDI in an amount equal to the sums that Charter Oak incurred and continues to incur in defending the claims against Dukane and Crale in the Underlying Action;

7. Awarding judgment against HDI in an amount equal to any sums that Charter Oak may incur to resolve the claims and indemnify Dukane and Crale in the Underlying Action;

8. Granting an award in favor of Charter Oak for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 21, 2024

                                      USERY & ASSOCIATES

                                      /s/Lisa Szczepanski
By:   Lisa Szczepanski
*Attorneys for the Charter Oak Fire Insurance Company*
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017